**CIRCUIT COURT OF HENRICO COUNTY**

Tommie D. Mouser, Jr.

v.

Connie Winn Mouser (Sims)

March 1, 1979

Case No. 75-C-976/A-77

BY JUDGE E. BALLARD BAKER

The issue is who shall have custody of Tommie, now almost nine years old. The answer turns on what is in Tommie's best interest. Where will he receive the best custodial care? *McCreery* v. *McCreery*, 218 Va. 352 (1977).

Custody of Tommie was the subject of litigation back in 1976. At that time, after hearing testimony on March 8, with temporary custody being given to the mother, further evidence was heard on August 2 with custody being placed with the mother.

Since August, 1976, the situation of the parents has changed.

Mr. Mouser remarried in 1977, and is living with his present wife and her two children, ten and eight, by a prior marriage and Mr. Mouser's daughter, seventeen, by his first marriage is with them. They live in the east end of the County, but are purchasing a five bedroom home elsewhere in Henrico County. He presented evidence of a home run with discipline and affection, along with disputes of a brief, but frequent nature with his wife. A neighbor and two church related witnesses spoke favorably of the family.

Mrs. Mouser also remarried, becoming Mrs. Sims in 1977. This marriage resulted in a separation on December 31, 1978, and Mrs. Sims now lives in Blackstone, Virginia, with Tommie and a young daughter by this marriage. Her parents also live in Blackstone, and they keep Tommie for her before and after school while she is working. Tommie had often visited in Blackstone and has friends at school and in the area. Mrs. Sims has a two bedroom apartment. She pre-

sented evidence of being a good affectionate mother. Her present husband, from whom she is separated, testified for Mr. Mouser to the effect that Mrs. Sims did not discipline Tommie to the extent he thought proper, nor was she as good a housekeeper as he desired. Mrs. Sims denied these complaints.

Both parents have acted, on at least one occasion in a manner not in the best interest of the child. Mr. Mouser withheld support after Mrs. Sims moved to Blackstone with Tommie; Mrs. Sims took Tommie to Blackstone in the middle of the school year, without advance notice to Mr. Mouser. These things somewhat offset each other.

In my view, considering Tommie's age and the home circumstances of the parents, his best interests are served by placing him in the custody of his father. The father and his wife, together with the several children in the home, form a complete, satisfactory family. There is evidence which indicates more regularity and discipline with the father than with the mother. This will become increasingly important as Tommie grows older. The evidence leads me to find that he will receive better custodial care with his father than with his mother.

There is no evidence that Mrs. Sims is unfit. This decision favoring Mr. Mouser is based on the belief that his home offers the best for Tommie. It is a very close case.

At the time of this letter, Tommie has been in Blackstone two months. He changed schools suddenly in early January. To transfer custody again would require another change in schools. As the father plans to move to another area in the County this Spring, to place Tommie with him now would require a school change now and also next Fall. There is nothing in the home situations which requires an immediate change of custody. Therefore, the change of custody will be effective as of July 15, 1979, thus allowing Tommie to complete this school year without another change and allow Mrs. Sims to plan some vacation with him in the Summer. It will also give Tommie a chance to adjust to his father's home before entering school in the Fall.

Mrs. Sims will be allowed liberal visitation, similar to that accorded Mr. Mouser. Mr. Mouser's support obligation continues until July 15, 1979.